UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MISTY-LEANN THOMPSON, | Case No. 1:24-cv-12385 |
| *Plaintiff*, | |
| v. | Thomas L. Ludington<br>United States District Judge |
| 54th CIRCUIT COURT, TUSCOLA COUNTY PROSECUTORS OFFICE, MICHIGAN STATE POLICE, and TUSCOLA COUNTY SHERIFF'S DEPARTMENT, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

## **REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff Misty-Leann Thompson's complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

**II.   REPORT**

   **A.   BACKGROUND**

On September 11, 2024, Thompson filed this lawsuit naming the 54th Circuit Court, the Tuscola County Prosecutor's Office, the Michigan State Police (Caro Post), and the Tuscola County Sheriff's Department as defendants. (ECF No. 1). Her complaint is titled "Notice of Conflicts and Variance Demand to exclude Public

1

and Press, and Proceed Ex Parte, In Camera hearing, Demand to Show Cause." (*Id.* at PageID.2). She seeks equitable relief. (*Id.* at PageID.2–6).

In her filing, Thompson describes herself as a "private Citizen of the United States." (*Id.* at PageID.2). While the filing is difficult to comprehend, it appears that Thompson's primary contention is that she is entitled to due process under "civilian" law rather than "[martial]/emergency war powers" law. (*Id.* at PageID.2–3). Thompson alleges that since 1933, the courts have been operating under the "War Powers Act"[1] rather than the United States Constitution. (*Id.* at PageID.2–5). She states that in support of her cause of action she does not "rely on legal nature Statutes and Codes but the essential soul, spirit, warp and woof of the Maxims of Equity." (*Id.* at PageID.3).

Further, Thompson believes that Defendants are "public citizens and public persons, rebels and enemy belligerents under the War Powers Government," meaning that they are not "private citizens of the United States" with the right of access to the courts. (*Id.* at PageID.6). As such, she requests that this matter be handled without their involvement. (*Id.*). Thompson demands "this court, acting *in good faith, with clean hands* and *due diligence* **show cause**" that her allegations are untrue within ten days of receipt of her filing. (*Id.* (emphasis in original)).

---

[1] Thompson is referring to emergency banking legislation passed at this time which amended the Trading with the Enemy Act of 1917. CRS Rep No. 95-753, at 1 (1996).

2

Thompson appears to be asserting the following claims: "destruction of core private inherent rights," "conflict and variance of law," "disclaim all trusteeship," "notice and expression of private trust property," "notice of special deposit back to original jurisdiction," and "notice of unregistered equitable interest in the private of the same subject matter." (*Id.* at PageID.7).

After filing this action, Thompson moved the Court for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Undersigned granted her motion (ECF No. 5) and, having reviewed Thompson's allegations, recommends that the Court dismiss her complaint on its own accord.

### B.   LEGAL STANDARD

Because Thompson proceeds IFP, she subjects this case to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers &*

*Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C. **ANALYSIS**

Thompson's allegations and legal theories "appear to grow out of the 'sovereign citizen' movement, which courts around the nation have repeatedly and completely rejected." *Payne v. Klida*, No. 15–cv–14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016). As the Sixth Circuit has explained, "[t]he sovereign citizen movement is a highly disperse, antigovernment movement." *United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014). "[N]o federal court has ever

found any validity in the myriad of assertions that may be classified under the heading 'sovereign citizen[.]' " *Id.*; *see also Smith v. Heyns*, No. 13–14013, 2014 WL 3687119, at *1 n.1 (E.D. Mich. July 24, 2014) ("For decades, arguments such as these have been uniformly rejected by the federal courts.") (collecting cases). "Sovereign citizen pleadings are dense, complex, and virtually unreadable, and a branch of sovereign citizen case law has grown to address the voluminous and often frivolous workload." *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *2 (E.D. Tenn. June 28, 2019) (internal quotation marks and citations omitted).

It appears that some of Thompson's allegations are premised on the notion that the United States has been operating under martial law since 1933, when banking legislation was passed to address the Great Depression. She also attempts to draw distinctions between herself (who she sees as a private citizen holding rights under the United States Constitution) and Defendants (so-called "public citizens"). However, as the Undersigned explained in *Payne*,

> the United States of America is a nation and Michigan is a state within that nation; neither entity has ever declared bankruptcy. Third, courts of law operate on the basis of statute and case law; there are not magic words like "free man on the land," "stand under," or "[flesh and blood]" which, when invoked, require courts to abandon state and federal law in favor of the magical, unsourced laws asserted by sovereign citizens.

>Plaintiff's complaint does not fail because he has uttered the wrong incantation, but rather because his claims have no basis in law or fact.

2016 WL 491847, at *3. The same is true here.

Claims premised on sovereign citizen theories may be dismissed without "extended argument." *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir.1999) (table). Nonetheless, the Undersigned has carefully reviewed Thompson's complaint for any cognizable claims in keeping with the belief that "access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, [and] this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven v. Bell*, 140 F. Supp. 2d 748, 754 (E.D. Mich. 2001). However, even in employing a liberal review of Thompson's complaint, the Undersigned is unable to discern any "federally cognizable claim." *Id.*

Given that Thompson's entire complaint is "premised on sovereign citizen beliefs, there is no arguable basis for [her] claims, and [her] case is frivolous." *Payne*, 2016 WL 491847, at *4. As such, her complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2).

### III. CONCLUSION

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Thompson's complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

## IV.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

7

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 18, 2024                    S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge