UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MISTY-LEANN THOMPSON,

              Plaintiff,                             Case No. 1:24-cv-12385

v.                                      Honorable Thomas L. Ludington
                                           United States District Judge

54TH CIRCUIT COURT, et al.,

                                           Honorable Patricia T. Morris
              Defendants.                 United States Magistrate Judge

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) DISMISSING CASE, AND (3) DENYING PLAINTIFF'S EX PARTE MOTIONS AS MOOT**

On September 18, 2024, Magistrate Judge Patricia T Morris issued a report (R&R) recommending this Court *sua sponte* dismiss this case under 28 U.S.C. § 1915(e)(2). Shortly after, Plaintiff objected to the R&R and filed two motions seeking release from state incarceration. As explained, Judge Morris's R&R will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's two motions will be denied as moot.

**I.**

On September 11, 2024, Plaintiff Misty-Leann Thompson—currently incarcerated in Tuscola County, Michigan, ECF No. 2 at PageID.11—filed a *pro se* Complaint and applied to proceed *in forma pauperis*.[1] ECF Nos. 1; 2. In her Complaint, Plaintiff asserts that she is not subject to several components of American law. ECF No. 1 at PageID.2. Although unclear, the Complaint seemingly alleges that Defendants 54th Circuit Court, the Tuscola County Prosecutor's Office, the Michigan State Police (MSP), and the Tuscola County Sheriff's Department violated Plaintiff's

---

[1] Plaintiff's pleadings do not specify the state offense for which she is incarcerated.

due process rights and other constitutional rights. *See id.* at PageID.2–9. And the Plaintiff seeks equitable relief for these alleged violations. *See id.* at PageID.2–6.

The next day, this Court referred the case to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 4. That same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 5. Judge Morris then screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). *See* ECF No. 7.

On September 18, 2024, Judge Morris issued a report (R&R) recommending that this Court *sua sponte* dismiss this case under 28 U.S.C. § 1915(e)(2). *Id.* at PageID.20. Grappling with the murky Complaint, Judge Morris found that Plaintiff's legal theories appeared to "grow out of the 'sovereign citizen' movement." *Id.* at PageID.21 (citing *Payne v. Kilda*, No. 15-cv-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6., 2016) *R&R adopted*, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016). On that score, Judge Morris observed that much of Plaintiff's theories are "premised on the notion that the United States had been operating under martial law since 1933, when banking legislation was passed to address the Great Depression." *Id.* at PageID.22. Judge Morris also noted that Plaintiff "attempts to draw distinctions between herself (who she sees as a private citizen holding rights under the United States Constitution) and Defendants (so-called 'public-citizens')." *Id.* Judge Morris concluded that the Complaint should be dismissed because theories based on the sovereign citizen movement are not viable, and the Complaint did not feature any cognizable claims for relief. *Id.* (citing *Payne*, 2016 WL 491847, at *4). In response, Plaintiff lodged five timely objections to the R&R. ECF No. 12.

**II.**

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which

the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—

failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation

omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district

court stage new arguments or issues that were not presented" before the magistrate judge issues

the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties

presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P.

72(b)(3).

### III.

Plaintiff's objections are all, at their core, seemingly related to Judge Morris's application

of 28 U.S.C. § 1915(e)(2) and can be disposed of in tandem. *See* ECF No. 12 at PageID.56–68. In

these objections, Plaintiff argues that Judge Morris erred in applying 28 U.S.C. § 1915(e)(2)

because (1) claims for violations of constitutional rights are never frivolous or malicious, *id.* at

PageID.57; (2) she stated a claim that her confinement for a state-law offense was invalid under

the Michigan and United States Constitution, *see id.* at PageID.57–66; (3) judges are bound by

their oath to uphold the Constitution, and her Complaint should not be dismissed *sua sponte* on a

technicality, *see id.* at PageID.66–68; (4) she does not claim to be a sovereign citizen but instead

argues that she is a "private citizen," *see id.* at PageID68–70; and (5) the R&R was based on

"theory, conjecture, and the assumption that [Plaintiff is] an artificial entity created by a 'de facto'

department," *id.* at PageID.70.  The objections lack merit.

Judge Morris correctly applied 28 U.S.C. § 1915(e)(2) in determining that Plaintiff failed to state a claim on which relief may be granted. Under § 1915(e)(2), courts must *sua sponte* dismiss plaintiffs' complaints when a plaintiff proceeds *in forma pauperis* and the complaint (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(i)–(iii). Plaintiff does not dispute she proceeded *in forma pauperis*. ECF Nos. 2; 12 at PageID.57. And her objections further elucidate that her Complaint failed to state a claim on which relief may be granted. Indeed, in her objections, Plaintiff clarifies that the relief she seeks is based on the theory that her confinement in a state facility is invalid, and she should thus be released. *See* ECF No. 12 at PageID.58–66. In essence, then, Plaintiff is seeking habeas relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of [habeas relief] is to secure release from illegal custody."). But Plaintiff has not satisfied habeas exhaustion requirements because she had not even been sentenced when she filed her Complaint. *See* ECF No. 9 at PageID.35; *see also* 28 U.S.C. § 2254(b)(1) (commanding habeas relief "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process, or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.").

At bottom, Judge Morris correctly concluded that the Complaint does not plead a cognizable claim, ECF No. 7 at PageID.23, so Plaintiff's objections are overruled, and the R&R will be adopted. As a result, the Complaint, ECF No. 1, will be dismissed, and Plaintiff's Ex Parte Motions, ECF Nos. 10; 13, will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 7, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Objection to the R&R, ECF No. 12, is **OVERRULED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's Ex Parte Motions, ECF Nos. 10; 13, are **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: November 13, 2024                           s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge